PER CURIAM.
This disciplinary proceeding by The Florida Bar against William 0. Murrell, Jr., is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to article XI, Rule 11.09(1) of the Integration Rule of The Florida Bar has been filed.
Having considered the pleadings and evidence, the referee found as follows:
1.At all times material, respondent was and is Attorney of Record for William J. Owens, Jr.
2. On February 20, 1979, a final decree of divorce ... was entered by the court in the dissolution proceeding styled Dorothy A. Owens, Petitioner and William J. Owens, Jr., Respondent. Pursuant to that final judgment certain real property located in Osceola County, Florida, solely owned by Dorothy A. Owens was conveyed to William J. Owens by quit claim deed ... executed February 20, 1979 and recorded February 20, 1979 in Osceola County, Florida.
3. On March 1, 1979, William J. Owens conveyed to Bernice Heath by general warranty deed ..., recorded March 30, 1979, in Osceola County, Florida that parcel of property referred to in paragraph 2 above.
4. On October 2, 1979, William J. Owens, Jr. recorded in Osceola County, Florida, a quit claim deed .. . dated February 16, 1979 conveying title to the aforesaid property to William O. Murrell, Jr. and the Edgewater Mortgage Company.
5. The parties agree there exists a real and present controversy with reference to the contention of The Florida Bar that respondent “backdated” the February 16 quit claim deed referred to in paragraph 4.
6. The Florida Bar contends that the February 16, 1979 quit claim deed from William J. Owens, Jr. to William 0. Mur-rell, Jr., P.A. and Edgewater Mortgage Company was backdated because:
(a) The legal description of the property conveyed is preceded by a prefix “THE WEST 153.5 feet of the following described land:”
(b) William J. Owens, Jr. was never known to use the suffix “Jr.” until a point several months after the execution of the deed.
7. Evidence available to the parties would substantiate paragraph 6 above, as follows:
(a) The legal description of the real estate concerned herein was written without the prefix referred to in para *179 graph 6(a) above until the warranty deed from William J. Owens to Bernice W. Heath ... dated March 1, 1979. Mrs. Heath discovered, in attempting to record the warranty deed, that without the prefix, the deed conveyed more land than was owned by grantor, William J. Owens. She consulted a title company, which advised her, after researching the matter, that with the prefix referred to hereinabove, the description would be correct and would convey proper title. The deed was subsequently corrected and recorded.
(b) The description in the deed conveying title to William J. Owens from his former wife, Dorothy A. Owens on February 20, 1979 . . ., subsequent to the date on which Mr. Owens tried to convey his title to William Murrell, Jr., P.A. and Edgewater Mortgage Company (which was February 16, 1979) was identical to the subsequent warranty deed of March 1, 1979 to Bernice W. Heath except for the aforesaid prefix.
(c) The description on the deed by which Mrs. Dorothy A. Patrick (later to marry William J. Owens and become Dorothy A. Owens) obtained title on June 16, 1969 was identical in all pertinent respects to the description in the deed which she gave William J. Owens on February 20, 1979 .... However, she conveyed two parcels of that land to other parties, prior to February 20, 1979, thereby making the description in the quit claim deed to William J. Owens of February 20, 1979 incorrect as covering more land than she could convey.
(d) The respondent in this case represented William J. Owens in matters concerning his divorce from Dorothy A. Owens, including a property agreement which provided for the deeding of this identical real property to Mr. Owens, and which agreement was incorporated by reference in the final decree of divorce dated February 20, 1979. The legal description of the real property contained in the property settlement agreement, to which respondent was a witness of Mr. Owen’s signature, did not contain the prefix hereinbefore referred to, but rather contained the same description which Mrs. Heath later discovered to be faulty.
(e) The quit claim deed dated February 16, 1979 . .., which purported to convey the title to the real property to William Murrell, Jr., P.A. and Edge-water Mortgage Co., contained the hereinbefore mentioned prefix “The West 153.5 feet of the following described land:”
(f) The grantor of the deed of February 16, 1979 ..., was “William J. Owens, Jr.” an appellation not used at that time by Mr. Owens. Respondent only learned of the fact that Mr. Owens was a “junior” at some point in March or April of 1979. Mrs. Heath was present at a conversation in March or April, 1979, in which respondent expressed surprise to learn that Mr. Owens was “junior”. None of the deeds or other instruments in which Mr. Owens was grantor, grantee, party or witness used the suffix “Jr.” with the exception of the February 16, 1979 quit claim deed until a rental agreement of July 18, 1979 between Bernice Heath, “landlord” and William J. Owens, Jr., “tenant” and which rental agreement was for the same parcel of real property as was covered by the warranty deed of March 1, 1979 to Mrs. Heath .... Mr. Owens did not object to the styling of Mrs. Heath as “landlord” or to himself as “tenant”, and signed the agreement on that date.
(g) However, on October 2, 1979, he recorded a quit claim deed ... to the same real property, dated February 16, 1979, from himself as grantor to “William Murrell, Jr., P.A. and Edgewater Mortgage Co.,” grantee. In this deed, the legal description contains the prefix “The West 153.5 feet of the following described land:” and shows grantor’s name to be “William J. Owens, Jr.” This deed was prepared in respondent’s office.
*180 (h) Mrs. Heath listed the real property in question for sale with Mr. and Mrs. R. C. Crotty, realtors of C & D Realty Co., Kissimmee, Florida on July 23, 1979. Sometime in late Fall, 1979, Mrs. Heath and a person she introduced as WILLIAM OWENS came to the Crotty’s office. Mr. Owens appeared to be under the influence of alcohol and was very outspoken. Mr. and Mrs. Crotty were prepared to testify that at that conference, Mr. Owens had stated that his attorney had prepared a Quit-Claim deed and backdated it and then had it recorded. Both Mr. and Mrs. Crotty can identify the February 16,1979 deed ... as the one Mr. Owens was referring to. At Pre-Trial Conferences with the Respondent’s attorney, Mr. Owens denied that he had ever made any statement to Mr. and Mrs. Crotty to the effect that his attorney had ever backdated a Quit-Claim deed. In fact, Mr. Owens had advised attorney for The Florida Bar and attorney for the respondent that during the period of time in question he was under severe psychological and physical stress and had been for some period of time consuming alcohol in excess. Mr. Owens further told the attorney for The Florida Bar and attorney for the Respondent in preparation for the anticipated trial of this matter, that Respondent had in fact prepared the Quit-Claim deed on February 16, 1979. Mr. Owens further was prepared to testify that the Quit-Claim deed .. . was in fact prepared on February 16, 1979, and that he, Mr. Owens removed this QuitClaim deed from the Respondent’s office without the latter’s knowledge, consent or permission. Mr. Owens was further prepared to testify that on October 2, 1979, he personally recorded the Quit-Claim deed . .. with the Clerk of the Circuit Court, Osceola County, Florida without the knowledge, consent or permission of the Respondent. Mr. Owens stated that at no time did the Respondent have any knowledge whatsoever that the Quit-Claim deed had been taken from Respondent’s office, nor that the deed was to be recorded. Mr. Owens further stated that the purpose of his filing the Quit-Claim deed was to prevent loss of the aforesaid property to Bernice W. Heath.
8. The testimony from Respondent’s wife, Mrs. Joan C. Murrell, and Respondent’s secretary, Ms. Jean R. Penkacik, would have demonstrated that the February 16, 1979 deed was prepared, witnessed and notarized in Respondent’s office and that the notarization of the grantor’s signature on that date shown on the deed was in fact February 16, 1979, as indicated.
9. All of the matters alluded to in this stipulation are the subject of litigation currently pending in the Circuit Court in and for Osceola County, Florida, in which the Complainant is Defendant and Mr. Murrell’s client is Plaintiff, ....
The referee recommends that respondent be found guilty of violation of DR1— 102(A)(4), DR1-102(A)(5), DR1-102(A)(6) and DR7-102(A)(7) of the Code of Professional Responsibility and recommends that respondent receive a public reprimand, to be administered by the Board of Governors of The Florida Bar.
We approve the referee’s findings, however, the publication of this opinion in the Southern Reporter shall serve as respondent’s public reprimand.
Costs in the amount of $294.15 are hereby taxed against Respondent.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON and ALDERMAN, JJ., concur.